*New-London,*
July, 1838.

Champlin·
*v.*
Pendleton.

---

## Champlin *against* Pendleton.

13   23
69  162

Although land adjoining a highway may be so conveyed as to exclude the highway; yet to produce this effect, it must appear in clear and explicit terms, that such was the intention of the parties; otherwise the inference of law is, that the conveyance of the land carries with it, as part and parcel of the grant, the fee to the centre of the highway.

Where it appeared that the *South* line of the land conveyed was the same as the *North* line of the highway, although the highway was not mentioned or referred to in the deed; it was held, that the conveyance transferred the fee of the land to the centre of the highway.

This was an action of ejectment; tried at *New-London, September* term, 1837, before *Waite,* J.

The plaintiff claimed title to the demanded premises, by virtue of a deed from *John Denison* to him, dated *April* 26th, 1811, and two deeds from *John Denison* 2nd to *John Denison,* jun., one dated *February* 26th, 1793, and the other, *October* 14th, 1802; a deed from *Elihu Cheesborough* to *Edward Denison,* dated *August* 7th, 1753; the distribution of *Edward Denison's* estate, made in *September,* 1758; and the original

survey and laying-out of a highway in *Stonington,* accepted in *February,* 1753.

The highway was thus described in the survey : "Beginning at the *Southerly* end of a large rock, marked with the letter H, near the salt water, on the *East* side of *Stonington* harbour, on a point of land belonging to *Elihu Cheesborough ;* then *East,* 16 rods, to a heap of stones ; thence *North,* 24 degrees *East,* 8 rods ; thence *West,* 4 rods, to a heap of stones ; and still *West,* holding the breadth of 8 rods, into the salt water, at the harbour aforesaid."

The deed from *Elihu Cheesborough* to *Edward Denison* described the premises thereby conveyed, thus : "Beginning at a mere-stone marked E D, and from thence running *West,* bounded *Southerly* by the highway or landing, laid out by a jury, on the *East* side of *Stonington* harbour, and so running into the salt water ; also from the aforesaid bound marked E D, running *North,* 16 degrees *East,* 13 rods and 18 links, *Easterly* by the highway, to a mere-stone ; thence *North,* 7 degrees *East,* 3 rods and 18 links, by said highway to a mere-stone marked L ; from thence running *West* into the salt water ; thence to, and with, and by the salt water, until an *East* course will bring you to the first-mentioned bound marked E D."

In the distribution of *Edward Denison's* estate there was "set off to *John Denison* out of that parcel of land that lieth on the *East* side of *Stonington* harbour, that the said *Edward Denison,* deceased, bought of *Elihu Cheesborough,* as followeth ; beginning at a mere-stone that stands on the *West* side of a highway that is laid out on the *East* side of *Stonington* harbour ; said mere-stone stands *South-East* three feet from the *South-East* corner of said *Edward Denison's* dwelling-house ; from thence *West* till it comes to the salt-water ; thence back again to said mere-stone ; from thence *Northerly,* by said highway, 4 rods and 3 links, to a mere-stone ; from thence *West* till it comes to the salt water."

The deed from *John Denison* 2d to *John Denison,* jun., of the 26th of *February,* 1793, was a release of all the grantor's "estate, right, title and interest in the one undivided half of his wharf lying at *Long-Point* in *Stonington.*"

The deed from the same grantor to the same grantee con-

veyed the other undivided half of the same premises, with <span style="float:right">New-London,<br>July, 1838.</span> covenants of warranty, &c.

In the deed from *John Denison* to the plaintiff the premises <span style="float:right">Champlin<br>v.<br>Pendleton.</span> were thus described : "One certain lot of land lying on *Stonington-Point*, with two stores and a wharf thereon and adjoining ; beginning at a mere-stone that stands on the *North* side of the landing at *Stonington-Point ;* from thence *West*, 3 rods, to the salt-water ; from thence *North* to the wharf belonging to Col. *Isaac Williams ;* from thence *East*, 8 rods, to the street ; from thence *North* to the first-mentioned bound ; with all the privileges and appurtenances thereunto belonging."

The plaintiff claimed to have proved, that the land conveyed, by said deeds, lay *North* of the highway and adjoining thereto ; the *South* line of the premises being the *North* line of the highway ; that such highway was a public highway, 7 rods, 31 100ths, wide, laid out, by order of the county court, in the year 1753, and used as such until the year 1829 ; that in the year 1829, it was discontinued, by the county court, except 20 feet in width on the *North* and *South* side ; that since such discontinuance, that part thereof, including the demanded premises, over which the highway was discontinued, had been in the possession of the defendant ; and that the demanded premises were the *Northerly* half of the discontinued part of the highway, and were bounded on the *North*, by that strip of the highway on the *North* side thereof, which was not discontinued.

The defendant claimed, that as the deeds under which the plaintiff and his grantor claimed title, did not bound the land *upon, by* or *along* the highway, or running *to* the highway, nor in any way mention or refer to the highway as a boundary of the land, no portion of such ancient highway, or the land over which it was laid, was conveyed, by the deeds, or either of them ; and prayed the court to instruct the jury accordingly.

The court charged the jury, that if they should find, that the grantors, by such deeds, conveyed the land to the line of the highway, and did in fact bound it upon the highway, though the deeds did not contain any words bounding it *upon, by* or *along* the highway, or in any way mention or refer to the highway as the boundary of the lot ; still the legal con-

struction of the deeds was the same as if they contained such words, and conveyed the land to the centre of the highway.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a mis-direction.

*Isham* and *Cleaveland*, jun., in support of the motion, admitting that the fee of a highway generally belongs to the adjoining proprietor, and that a deed bounding the land conveyed *on* or *by* a highway conveys to the centre of the highway, contended, that where no highway is mentioned or referred to, in the description of the premises, no part of the highway is conveyed, although one of the lines given by the description is in fact the same as one of the lines of the highway. In such case, the land comprised within the boundaries specified, is conveyed, and nothing more. The highway is virtually excluded by the description. *Storer* v. *Freeman*, 6 *Mass. Rep.* 435. 437, 8. *Jackson* d. *Yates* & al. v. *Hathaway*, 15 *Johns. Rep.* 447. *Headlam* v. *Hedley*, 1 *Holt* 463. *Tyler* v. *Hammond*, 11 *Pick.* 193. 213.

*Strong*, contra, insisted, that if the description of the land conveyed brings the grantee to the highway, he takes to the centre of it, whether the highway is or is not, mentioned in the description.

WAITE, J. In the very late case of *Chatham* v. *Brainard*, 11 *Conn. Rep.* 60., we had occasion to examine the law in relation to the ownership of highways. The different authorities upon this subject are so fully examined and considered, in the opinion given in that case, that it is unnecessary again to refer to them. We there held, that the ownership of the lands on each side of the way, furnishes *prima facie* evidence that such owner has a fee in the highway, and that strong testimony is necessary to rebut it. Whatever may have been the conflicting opinions heretofore entertained upon this subject, that rule, which is founded principally upon policy, may now be considered as fully settled, at least, in this state. And although land adjoining a highway may be so conveyed as to exclude the way ; yet the inference of law is, that a conveyance of land, bounded on a highway, carries with it the fee to the centre of the road as part and parcel of the grant. An intention on the part of the grantor to withhold his interest in the

road, after parting with all his interest in the land adjoining, is never presumed.    It ought to appear in clear and explicit terms, so that the grantee may understand that the grantor's interest in the road is not conveyed.    Judge *Swift*, in the case of *Stiles* v. *Curtis*, 4 *Day* 338., says " if it had not been universally understood that the conveyance of land adjoining a highway conveyed the right of soil in it, express words for that purpose would, long since, have been inserted in deeds."

Was the charge of the court to the jury in this case in conformity with these principles?    Under it, the jury must have found, that the plaintiff, by virtue of the several deeds referred to in the motion, was the owner of the land adjoining the highway.    The presumption of law, then, is, that he owns to the centre of the highway.    Is there anything in any one of those conveyances to rebut that presumption?    We discover nothing of the kind.    There is no expression to be found, indicating an intention on the part of any one of the grantors to exclude the highway.

The deed from *John Denison* to the plaintiff has been principally relied upon, by the counsel for the defendant, as supporting their claim.    The boundaries of the tract of land there conveyed are given, and the description of the *South* line corresponds with the *North* line of the highway, as originally laid out.    There is a clear intention to convey all the land *North* of the highway, with all the privileges and appurtenances, and nothing to show a design to exclude the road.

But it is said, there is a difference between a deed describing the land as bounded *upon*, *by*, or *along* the highway and one in which no mention is made of the road ; and that in the former case, the fee of the highway will pass, but not in the latter.    But we know of no such distinction.    If the land conveyed is in fact bounded by a highway, it can make no difference in the legal construction of the conveyance whether the words " by the highway," are used or not.    The effect in the one case, will be the same as in the other.

We are satisfied, therefore, that the instruction given to the jury was right; and that no new trial should be granted.

In this opinion the other Judges concurred.

New trial not to be granted.