JAMES M. CAMPBELL, ET AL., *v.* MARGARET ROYCE, ET AL.

**Ownership of Land Abutting Highway.**

A conveyance calling for objects on the margin of a highway and running with it passes the fee to the center of such highway, where there is nothing in the deed to show a contrary intent.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 13, 1880.

OPINION BY JUDGE COFER:

Waiving all other questions, we are of the opinion that the judgment must be affirmed on the ground that the deeds to Sullivan and Pope passed the fee to the center of the then existing public road, running between the lots conveyed to them respectively.

Chancellor Kent says it may be considered as the general rule that a grant of land bounded on a highway or river carries the fee in the highway or river to the center of it, provided the grantor at the time owned to the center, and there be no words or specific de-

scription to show a contrary intent; and the rule seems to be the same whether the highway be referred to in the conveyance or not. Angel on Highways (3d ed.), Sec. 314; *Camplin v. Pendleton,* 13 Conn. 23; *Peck v. Smith,* 1 Conn. 103.

This rule has been adopted because it will generally give effect to the intention of the parties. A vendor owning land on both sides of a public highway cannot be supposed, when he sells, to look forward to the possible abandonment of the use by the public, and to intend to reserve to himself the reversion, especially so when land is cheap and there are no circumstances to indicate such an intention except the single fact that his deed calls for the margin of the highway.

Highways, especially in the country, are often changed, and sometimes in towns and cities. To adopt the rule contended for in this case, that a conveyance, calling for objects on the margin of a highway and running with it only passes the fee to the objects called for, would not only defeat the intention of grantors in ninety-nine cases in every one hundred, but would in many instances lead to litigation, confusion and uncertainty.

There are cases which hold this doctrine, but they are opposed to the weight of authority and, in our opinion, are not supported by sufficient reasons. Counsel cite *Fleming v. Kenney,* 4 J. J. Marsh. 157, as sustaining this view, but we do not so regard it.

The bond called for the bank of the creek, and to run with its meanders, and Fleming complained in this court that the court below, in enforcing specific performance, did not include one-half the creek within the one hundred ten acres called for in the covenant. He failed to show that he owned any part of the creek, and that was an end of that part of his case, and the court said it would not say how far the literal import of the bond might have been affected by the fact if it had appeared that he owned the land to the center of the creek; but this, as well as what follows, which seems to indicate if the literal terms of the bond were departed from at all, the line would be carried to low water mark, on the opposite side, was entirely outside of the case before the court, and therefore does not amount to an authoritative decision of the point.

Judgment *affirmed.*

*Young & Boyle, Lewis Collins, for appellants.*

*Thos. Speed, for appellees.*