In the Matter of the Application of DANIEL M. ROBBINS and another to vacate certain streets in Ramsey county.

August 10, 1885.

**Vendor and Purchaser—Conveyance of Premises Bounded by Streets.**—Where a deed conveys premises bounded on a street or highway, the grantee takes presumptively to the centre line, as the natural boundary between opposite proprietors. But this presumption is disputable, and yields where a different intention is manifested, or where there is no foundation for it, as where the street is laid on land not owned by the grantor. And where the original proprietor of a tract of land caused the same to be platted into lots and streets, and laid a street 40 feet in

width on the margin of the tract, wholly on his own land, and next adjoining unplatted lands belonging to a stranger, *held*, that his conveyance of lots bounded on such street carried the fee in the street to the opposite boundary line thereof, and that it was not to be presumed in such case that the grantor intended to retain an interest in any portion of the street fronting the lots so conveyed.

Daniel M. Robbins and the Northwestern Elevator Company, under Gen. St. 1878, c. 29, § 12, made application to the district court for Ramsey county to vacate certain portions of Vandalia and Central streets in "Hewitt's Out-Lots" in Ramsey county, and asked the court to adjudge the title to the streets vacated to be in the Northwestern Elevator Company.

On the hearing before *Brill*, J., it appeared that Vandalia street is eighty feet wide and lies wholly within "Hewitt's Out-Lots," and that Central street is forty feet wide and forms the eastern boundary of "Hewitt's Out-Lots," the adjoining land being unplatted. The respondents, Alice Hewitt and others, the platters and original owners of "Hewitt's Out-Lots," opposed the application and asked that the title to the streets, if vacated, be adjudged to be in them. Judgment was directed and entered vacating the streets as prayed for, and adjudging the title to the portion of Vandalia street vacated, and to the west twenty feet of the portion of Central street vacated, to be in the Northwestern Elevator Company. The petitioners appeal from this judgment.

*Cyrus J. Thompson*, for appellants.

*J. M. Gilman*, and *M. D. Munn*, for respondents, cited *Schurmeier* v. *St. Paul & Pac. R. Co.*, 10 Minn. 59, (82;) 78, (104;) *Village of Mankato* v. *Willard*, 13 Minn. 1, (13;) *Harrington* v. *St. Paul & S. C. R. Co.*, 17 Minn. 188, (215;) *Banks* v. *Ogden*, 2 Wall. 57.

VANDERBURGH, J. In the year 1880, a certain tract of land, described as the N. E. ¼ of section 32, township 29, range 23, in Ramsey county, was surveyed, laid out, and platted by the proprietor into village lots, under the name of "Hewitt's Out-lots." The streets therein were laid out uniformly 80 feet in width, except Central street in question, which was laid out on the easterly margin of the tract, and was only 40 feet wide. The petition in this case embraced an application,

among other things, to vacate a portion of Central street. The petitioners have acquired, by grant from the original proprietor, certain lots embraced within the plat, and fronting that portion of Central street proposed to be vacated. The land adjoining the street on the east is still unplatted, and is not owned by the respondents; and the proprietors thereof, of course, own no part of the fee of such street. The court granted the petition and vacated the street, but adjudged the petitioners to be entitled to the fee of the west 20 feet of Central street opposite their lots, and that they were entitled to take to the centre line only of the street.

The question here presented is whether, where a street or alley is laid wholly on one's own land, and is located on the margin of his tract, so that he owns nothing beyond, (the adjoining proprietor having no interest in the fee of such street or alley,) the whole of the street opposite a lot designated as such in a deed, and bounded on the street, passes to a grantee of the original proprietor?

Where, by the terms of a deed, the land conveyed is bounded by a street or highway, the grantee takes presumptively *ad filum viæ* as the natural boundary line between opposite proprietors; the reason of the rule being that the adjoining owners are presumed to have originally furnished the land in equal proportions for the sole purpose of a highway. *Dunham* v. *Williams*, 37 N. Y. 251; *Stiles* v. *Curtis*, 4 Day, 328; Woolrych on Ways, *5. So a deed of lots conveyed as represented in a town plat, is presumed to include a grant of the soil to the centre of the street, and it passes as parcel of the land and not as an appurtenant. *Bissell* v. *New York Central R. Co.*, 23 N. Y. 61. This presumption, however, yields when a different intention is clearly manifested, or when the evidence shows there could be no foundation for it, as where the grantor at the time owned no part of the street, the same being laid wholly on the land of another. *Dunham* v. *Williams, supra; King's Co. Ins. Co.* v. *Stevens*, 87 N. Y. 287, 293, 294; 3 Kent, Comm. *434; *Champlin* v. *Pendleton*, 13 Conn. 23; *Watrous* v. *Southworth*, 5 Conn. 305; *Peck* v. *Smith*, 1 Conn. 103, 146.

In arriving at a proper construction of the effect of a deed granting lots bounded on a street, and the intention of the parties thereto in respect to the extent of the grant in the street, regard must be had

to the situation of the lots and streets and the state of the title, as well as the language of the deed. "This is the recognized rule of interpretation, and it is a question of interpretation and intent." *Mott* v. *Mott*, 68 N. Y. 246, 253; *Bliss* v. *Johnson*, 73 N. Y. 529; *Webber* v. *Eastern R. Co.*, 2 Met. 147. Ordinarily the ownership of the soil of the street is of no practical use to the grantors of abutting lots, and accordingly there is usually no purpose to be served in the retention by them of narrow strips or gores of land between the land conveyed and that of other proprietors; while for many purposes such ownership is of special importance to the purchaser, because the owner of the fee of the highway is entitled to the proprietary and beneficial use thereof, subject only to the public easement, and may maintain trespass for an injury to, or the exclusive appropriation of the soil, or other acts done on the land not necessary to the enjoyment of the easement. *Peck* v. *Smith*, 1 Conn. 103, 145. It is presumed, therefore, that a grantor's land in a street passes under the general description in his deed of the adjoining land with which it is connected, or to which it belongs, as being part of the same tract, subject to the public easement. *Berridge* v. *Ward*, 10 C. B. (N. S.) 400; *Bissell* v. *New York Central R. Co.*, 23 N. Y. 61.

Applying these principles to an exceptional class of cases like the present, and we think it must follow that the entire street abutting the lots in question belonged to and passed with them under the general description in the deed of the original proprietor. *Taylor* v. *Armstrong*, 24 Ark. 102. It does not differ from the case of an alley laid off by the original proprietor from the rear portion of a tier of lots next adjoining an adjacent proprietor. Subsequent purchasers of lots take the whole alley as part of the grant, the original owner retaining no portion of the fee.

We have not overlooked the case of *Brisbine* v. *St. Paul & S. C. R. Co.*, 23 Minn. 114, 130. In that case the plaintiff owned land extending to low-water mark on the bank of the Mississippi river, in the city of St. Paul, subject to the easement of a public street laid out on the river margin thereof, and intervening between it and lots bounded thereon which he had sold, and it was held, in an action between him and the defendant corporation, which had appropriated

a portion of the street and bed of the river adjoining, that the grantees took only to the centre of the street, leaving in him the fee of the other half, to which were attached valuable riparian rights, not common to the public, including the use of the river, to the navigable portions of the stream, for wharves, piers, or other useful or necessary purposes in connection with the navigation on the river, together with the right of accretion. *Union Depot, etc., Co.* v. *Brunswick,* 31 Minn. 297. There was much reason, therefore, why, in the case referred to, the court should hesitate to hold that it was the intention of the parties that the title conveyed by plaintiff's previous deeds should not extend beyond the centre line of the street. But there is not the same reason for applying the rule in this case, where the grantors had no interests beyond the street, and where it may be presumed that the street was laid out for the benefit and accommodation of the abutting lots, and that upon the sale thereof it was included in the estimation of the value.

Judgment reversed, and cause remanded, with directions to enter judgment in accordance with this opinion.