AMERMAN et al. v. MISSOURI, K. & T. RY.
CO. OF TEXAS.  (No. 6990.)

(Court of Civil Appeals of Texas. Galveston.
Dec. 17, 1915. Rehearing Denied
Jan. 13, 1916.)

1. BOUNDARIES ⬥➡20 — LOT ON PLATTED
STREET—VACATION—TITLE IN STREET.
Where one of plaintiff heirs sold to defendant railroad company her lot abutting on a platted, but unopened, street, the conveyance being after an ordinance was passed by the city giving defendant the right to construct buildings and tracks over and across all streets crossing its yards, within which the lot in question was embraced, defendant acquired title to the middle of such street in front of the lot, since neither the existence of the street nor the rights of abutting owners thereon were affected by the city's abandonment of any rights it may have had therein.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 123–130, 132; Dec. Dig. ⬥➡20.]

⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. DEDICATION ☞65 — STREETS — ABANDON-MENT—REVERSION.

Where, in a partition of land among heirs, the tract was platted, reserving a strip for a street upon which the allotments were made to abut, but the street was never opened, and the city afterwards abandoned its rights therein by an ordinance granting a railroad company the right to erect buildings and tracks thereon, the absolute fee did not thereby revert in common to the heirs, since their vested abutting rights as distributees were not dependent upon whether the public accepted the dedication of the street, or abandoned its rights therein.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 103; Dec. Dig. ☞65.]

3. EMINENT DOMAIN ☞317—ABUTTING LOT —CONDEMNATION—TITLE IN STREET.

The condemnation by the railroad of other of such lots also passed title to the middle of such street, though the property was described in the proceedings simply by lot and block number, since the description which in a deed would include the vendor's rights in a street is sufficient to pass title thereto in condemnation proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. ☞ 317.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Mary F. Amerman and others against the Missouri, Kansas & Texas Railway Company of Texas, to try title to real estate. Judgment for defendant, and plaintiffs appeal. Affirmed.

Fisher, Campbell & Amerman, of Houston, for appellants. Baker, Botts, Parker & Garwood and Walter H. Walne, all of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellants against the appellee. The land involved is a strip 40 feet wide and 522 feet long out of a tract of 13 acres in the John Austin survey in the city of Houston, known as the G. W. Collings tract. The plaintiffs in the court below were Mrs. Mary F. Amerman, a daughter of G. W. Collings and his wife, Catherine, both deceased, and C. J. Collings, C. E. Collings, and H. A. Collings, children of a deceased son of said G. W. and Catherine Collings. Pending the suit G. E. Collings died, and the heirs made themselves parties plaintiff. The 13-acre tract, of which the strip of land in controversy is a part, was the homestead of G. W. Collings and Catherine Collings. G. W. Collings died in 1889, leaving a will by which the 13-acre tract was bequeathed to his wife, Catherine. Mrs. Collings died intestate in 1890. After the death of Mrs. Collings her daughter, Mrs. A. E. Conn, brought suit for partition of her mother's estate. All of the parties at interest were parties to this suit, in which a final decree of partition, to which all parties agreed, was rendered. By this partition decree the 13 acres of land was subdivided into blocks A, B, C, D, and E, and block D was further subdivided into lots numbered from 1 to 8, inclusive. As shown on the plat accompanying the report of the commissioners of partition, and which is referred to and made a part of the decree, a street 40 feet in width was reserved and designated between blocks C and D and block A. This street, which is the land in controversy, connected with Montgomery avenue, one of the principal streets of the city of Houston, and was named and designated on said plat as Pearl or Third street. A copy of this decree of partition with the accompanying map or plat was duly recorded in the deed records of Harris county on June 24, 1891. By this decree subdivision or block A, which extends along Pearl street on its southeast side, was allotted to Mrs. Conn, subdivision or block D. which extends along the northwest side of Pearl street, was allotted to G. E., C. J., and H. A. Collings, who were then minors, and subdivision or block C, which lies immediately west of block D, and also extends along Pearl street, was allotted to plaintiff Mrs. Amerman. In 1892 the appellee railway company purchased from the remote vendee of Mrs. Conn subdivision A., allotted to her by said partition decree, and also purchased that portion of subdivision C, alloted to Mrs. Amerman by said decree, which abuts upon and extends along said Pearl street. By condemnation proceedings, in which the petition was filed July 16, 1892, and final judgment rendered October 8, 1892, appellee acquired for railway and depot purposes lots 1 to 8, inclusive, in subdivision D, alloted to G. E., C. J., and H. A. Collings by said partition decree. The parties last named were parties defendant in this condemnation proceeding. On June 20, 1892, the city council of the city of Houston passed an ordinance which authorized the railway company to construct such tracts and erect such buildings as it might find necessary over and across all parts of streets which might cross or intersect its depot, shop, or yard grounds between Montgomery avenue and White Oak bayou. Pearl street was one of the streets included in the boundaries named in said ordinance and to which it referred. The deed from Mrs. Amerman to appellee, conveying that portion of subdivision C lying along Pearl street, was executed subsequent to the passage of this ordinance. It is not shown that Pearl street was ever opened or used as a public street of the city of Houston. All of the deeds under which appellee holds title to subdivision A, allotted to Mrs. Conn in said partition suit, refer to said partition decree, and call for Pearl or Third street as one of the boundaries of said subdivision, and appellants concede that by said deed appellee acquired fee-simple title to one-half of said street. The deed from Mrs. Amerman to appellee also calls for the north line of Pearl or Third street, and refers to said partition decree.

The petition in the condemnation proceedings and the final judgment rendered therein describes the land condemned as:

"All of lots 1, 2, 3, 4, 5, 6, 7 and 8 of block D of the subdivision of the Collings 13 acres."

The questions presented by this appeal are thus stated in appellants' brief:

"(1) Did the deed from Amerman to the railway company convey the title of the owners to the center of Pearl or Third street? (2) Did the condemnation of 'lots 1, 2, 3, 4, 5, 6, 7 and 8, in block D,' in like manner pass title to the owners to the center of the street?"

At the outset appellants conceded that the railway company should recover the east half of Third or Pearl street, and this appeal affects only the west half of Third or Pearl street.

[1, 2] Appellants' contention that the Amerman deed did not pass title to appellee to the center of that portion of Pearl street upon which the property described in said deed abuts is based upon the proposition that, because the city had released its rights in the street prior to the execution of said deed, the street had ceased to exist, and therefore the general rule that the conveyance of property bordering on a street or public highway, which calls for such street or highway, passes title to the vendee to the center of the street or highway is not applicable. The contention is not sound. The abandonment by the city of any rights it may have had in said street in no way affected the existence of the street. The rights of all persons owning property abutting thereon or adjacent thereto, and who held under conveyances referring to and calling for said street to keep the street open was not dependent upon whether the public accepted the dedication or abandoned its rights thereto. Oswald v. Grenet, 22 Tex. 94; Wolf v. Brass, 72 Tex. 133, 12 S. W. 159. This street was reserved in said partition proceedings for the benefit of the parties to whom the abutting blocks were allotted, as well as for the public, and the title to the center of the street vested in the persons to whom such blocks were allotted by the decree, regardless of any rights therein that may have been conferred upon the public by the record of the map or plat and the decree of partition, and it necessarily follows that the release by the city of its rights in the street did not have the effect of destroying the street as an easement, and Mrs. Amerman's deed, made after the city had released its rights in the street, conveying block C to appellee, in which the street is referred to and called for, was just as effective in passing her title to the center of the street as it would have been if it had been made before the release by the city.

[3] What we have said in regard to the effect of this deed applies equally to the judgment in the condemnation proceedings. But appellants further contend that the judgment in the condemnation proceedings did not give appellee any right in that portion of the street upon which the lots condemned abutted, because the description of the property in the petition for condemnation and in the condemnation decree was not sufficient to include the rights of the owners of the property in the street. We cannot agree with appellants in this contention. The authorities sustain the proposition that a description which would be sufficient in a deed to include the vendor's rights in a street upon which the property conveyed by the deed abuts would be sufficient in a condemnation proceeding to subject to the purposes for which the condemnation was had the owner's rights in the adjoining streets. We find no case in this state directly in point, but the authorities from other jurisdictions are abundant. In Railway Co. v. Patch, 28 Kan. 470, the Supreme Court of Kansas, in an opinion by Justice Brewer, speaking of the effect of the condemnation of lots fronting upon a street and described in the condemnation proceedings by lot and block number only, say:

"The report of the commissioners shows that they appraised the lots, naming them, without any survey or any special indication as to what was embraced by the terms 'lots so and so.' Now, the defendant in error contends that the portions of the street in front of her lots became her property upon the passage of the ordinance vacating the street, precisely as though the previous owner had conveyed to her by deed. That as the commissioners did not appear to have appraised that property, as it was not named in nor covered by their report, she is entitled to an injunction restraining the company from occupying such part of her property."

The landowner's application for an injunction was refused. Judge Brewer holding that condemnation proceedings were included within the term "any conveyance," the opinion concluding with this language:

"Under these circumstances we think it fair to consider that it [the street] becomes, as it were, a part of the lot—something in the nature of an accretion to it—and, if so, then any conveyance of the lot takes with it this attached portion of the vacated street."

In the case of Challis v. Depot Co., 45 Kan. 398, 25 Pac. 894, the same court says:

"By the condemnation proceedings, the company acquired the perpetual use of the lot, a use which in its nature practically excludes any other use or occupancy. Through the appropriation of the lot, the company acquired the incidental and appurtenant rights in the street, and, upon the legal vacation of the street, that portion situated in front of lot 1 temporarily became, as it were, a part of the lot, and passed to the company."

In the case of Railway Co. v. Miller, 172 Mich. 201, 137 N. W. 555, the Supreme Court of Michigan holds that under condemnation proceedings, in which the property was described as "lots number 259 and 263 of the subdivision of part of private claim 473, known as the Stanton farm, as per plat recorded in Liber 47 of Deeds, pages 558–559, Wayne County Records," the Railway Company acquired the rights of the owners of

'the property in the street upon which the lots abutted. The court says:

"While the owners of the lots in question had undoubted rights in the street in front of said lots, the condemnation by the jury of the lots themselves includes all rights in the ways appurtenant thereto. Cincinnati, etc., Ry. Co. v. B. C. etc., Ry. Co., 106 Mich. 473, 64 N. W. 471."

In the case of Witt v. Railway Co., 38 Minn. 122, 35 N. W. 862, the Supreme Court of Minnesota says:

"As respects lots 8, 9, and 13, the trespasses complained of consisted in excavations or embankments caused to be made by the company in that half of the street in front of and next adjoining the lots. By the descriptions under which the lots were condemned and appropriated, the company took presumptively to the center of the street; and, subject to the rights of the public, the defendant may enter upon and may use that portion of the street, so acquired for its improvements, just as it may use and occupy any other portions of the lots in question. Under a description of village lots eo nomine, as platted, the land in the street passes as parcel of the lots, and not as appurtenant. In re Robbins, 34 Minn. 99, 24 N. W. 356 [57 Am. Rep. 40]. And under that description, the title, right, or interest acquired, whatever it be, in the street is presumed to be included in the estimation of the value of damages in the condemnation proceedings, and such estimation is usually deemed to be the value of the lot as described, whether in such proceedings, under railway charters, the company requires the fee or the land for its corporate purposes only. Robbins v. Railroad, 22 Minn. 287. No damages were recoverable by plaintiff for the alleged trespasses to these lots."

The proposition also finds support in the following cases: Railway Co. v. Mims, 71 Ga. 242; Railway Co. v. Reading Paper Mills, 149 Pa. 18, 24 Atl. 205; Illyes v. Light & Power Co., 175 Ind. 118, 93 N. E. 670; Railway Co. v. Brewing Co., 174 Ill. 548, 51 N. E. 572. We think the rule announced in these cases is sound and should be followed by our courts.

It has been unnecessary to discuss appellants' assignments in detail. The questions above discussed are the only material questions raised by the appeal.

It follows from the views above expressed upon these questions that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.