TAYLOR ET AL., APPELLANTS, *v.* CARPENTER, APPELLEE.

[Cite as Taylor v. Carpenter (1976), 45 Ohio St. 2d 137.]

(No. 75-635—Decided February 18, 1976.)

138

Messrs. *Gongwer & Shafer* and *Mr. Philip H. Shafer*, for appellants.

Messrs. *White & Morton* and *Mr. N. R. Morton*, for appellee.

HERBERT, J. Appellants contend that when the alley was vacated by the city in 1956, they were vested with a fee simple interest in one-half the width thereof.

It has long been the law of this state that where a

street is vacated by a city, the land of which it was comprised passes in equal halves to the abutting lot owners, subject only to such rights as other such owners may have in the street as a necessary means of access to their properties. *Kinnear Mfg. Co.* v. *Beatty* (1901), 65 Ohio St. 264, 62 N. E. 341; *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish* (1902), 67 Ohio St. 181, 65 N. E. 1011; *Babin* v. *Ashland* (1953), 160 Ohio St. 328, 116 N. E. 2d 580; *Greenberg* v. *L. I. Snodgrass Co.* (1954), 161 Ohio St. 351, 119 N. E. 2d 292. Although conceding that these decisions represent the general rule, appellee argues that the instant case is distinguishable in that the premises comprising the vacated alley were originally owned and dedicated by the predecessor in title of appellee, but not of appellants. Therefore, appellee submits, upon vacation by the city she was vested with a fee simple interest in the entire width of the alley.

The holding in *Kinnear, supra,* in which this court first set forth the doctrine of accretion of vacated streets and alleys, was based upon the decision of the Franklin County Circuit Court in *Stevens* v. *Shannon* (1892), 6 C. C. 142. There, in determining the question of title to vacated streets and alleys, the *Stevens* court stated, at page 145:

"When * * * [the dedicator] parted with his title to said lots, as we have seen, his peculiar interest in the streets and alleys—an incidental title to certain facilities and franchises—for example the means of access, of ingress and egress and the like, passed to his grantees, without which their property would be of comparatively little value.

"* * * Convenience and necessity, if no other consideration, require that where highways are vacated the title thereto shall vest in the abutters. Vacation is an abandonment of the rights of the *public* to have and use the streets and alleys as public highways, but not a relinquishment of the rights of abutting owners therein. * * * [R. S. 2654] provides that the order of vacation of a street or alley shall 'operate as a revocation of the acceptance thereof by the council; but the right of way and easement therein of any

lot owner shall not be impaired thereby.' This indicates an intention that vacation shall not deprive abutters of rights incident to their ownership."

As can be seen, the result in *Stevens* rested, in part, upon the need to protect abutting lot owners from being deprived of their right of access to and from their property when a city street or alley is vacated. In so doing, the provisions of R. S. 2654 were fully implemented.[1]

Following the adoption of the *Stevens* rationale and the enunciation of the doctrine of accretion in *Kinnear Mfg. Co.* v. *Beatty, supra*, this court has consistently reiterated the above considerations. In *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish, supra*, it was stated, at page 190:

"The reason that a street when vacated, becomes a part of the abutting lots, is not because the owners of the lot owned the fee of the street, but because it must go there by necessity, to preserve his easement of ingress and egress, which in many cases is a valuable property right, and without which the lots might be of little value. The street being vacated and abandoned, the public no longer owns it, and it must either revert to the original owner, or adhere to the abutting lots as by accretion. As the original owner is presumed to have received full value for the street when he sold the lots, there is no just reason why he should have the street, when vacated, restored to him. And as the lot owners and those in the line of title have paid an increased price for lots by reason of the easement in the street, it is only just that when the street becomes vacated, the easement should be preserved to them by adding the vacated street to the lots, and therefore this doctrine of accretion in such cases has been adopted in this state, and generally elsewhere."

Similarly, in *Babin* v. *Ashland, supra*, at page 340:

"This court has held that there is no reverter to the dedicator or those claiming under him when such streets

[1]The effects of an order of vacation are now governed by R. C. 723.08, which is couched in language almost identical to R. S. 2654.

are vacated, but that the land occupied by the vacated portion of the street passes to the owners of land adjacent to and abutting thereon because of their private rights therein, as for access, ingress and egress."

See, also, *Greenberg* v. *L. I. Snodgrass Co.; supra.*

The above cases illustrate that the foundation for the doctrine has always been the necessity of protecting abutting lot owners' rights of access. Notably absent from these decisions, however, is any attempt to subject the rule to a determination that the vacated premises, at the time of dedication, came from all abutting lot owners. The fact that there is no qualification of the rule becomes clearer when it is noted that the original owner or dedicator is presumed to have received full value for the street when he sold the lots. *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish, supra.* Since he divested himself of the fee interest in the street upon dedication and sale of the abutting lots, no equitable considerations support the accretion of the street to only the grantees in his line of title. Additionally, as noted above in *Parish*, lot owners abutting such streets pay an increased price for lots because of their easement in the street and, therefore, upon vacation, the easement is preserved by adding the street to their lots.

In *Dayton* v. *Woodgeard* (1962), 116 Ohio App. 248, 187 N. E. 2d 921, the Court of Appeals expressly rejected the distinction asserted by appellee herein. The record in *Dayton* demonstrated that no portion of the vacated street was dedicated by appellant or its predecessors in title. Finding that the fee to one-half of the vacated street vested in appellant, the court held in paragraph three of the syllabus:

"Upon the vacation of a street, the fee thereto accretes to all the abutting lot owners, subject only to such rights as other such owners may have in the street as a necessary means of access to their property, and notwithstanding the premises comprising such vacated street was originally owned and dedicated as a public street by the predecessor in title of only one of the abutting lot owners."

Appellee argues that *Watrous* v. *Southworth* (1848), 5 Conn. 305, provides compelling reasons for holding that the alley must accrete to only those who are successors in interest to the original dedicator thereof. The language cited in that case, however, deals with ownership of land over which a highway passes, and not rights of abutting lot owners of vacated municipal streets and alleys. While the fee to a dedicated municipal street is in the city or village,[2] the fee of the land occupied by highways outside municipalities remains in the owner of the adjoining lands. See *Lawrence Rd. Co.* v. *Williams* (1878), 35 Ohio St. 168; *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish, supra*; *Ohio Bell Telephone Co.* v. *Watson Co.* (1925), 112 Ohio St. 385, 147 N. E. 907. Thus, although language in *Watrous* may be helpful in determining issues of title in the rare case where a highway is built on the edge of a landowner's county property,[3] it is not persuasive in the case at bar.

This court is not convinced that a departure from the rule first established in *Kinnear Mfg. Co.* v. *Beatty, supra*, is warranted solely because appellants are not successors in interest to the original owner and dedicator of the alley. Moreover, the record indicates that the owner and platter of the alley did not reserve any rights to the alley upon dedication and, further, that subsequent deeds in the chain of title therefrom did not contain any such reservations. Therefore, upon vacation of an alley by a city, abutting lot owners, as to that portion of the alley abutting their properties, are vested with a fee simple interest in one-half of the width of the strip of land which formerly comprised the alley, irrespective of the fact that the original owner and dedicator of the land was not the predecessor in

[2]See *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish* (67 Ohio St. 181); *Callen* v. *Columbus Edison Elec. Light Co.* (1902), 66 Ohio St. 166, 64 N. E. 141; R. C. 711.07.

[3]Under that circumstance, a grantee of such landowner could logically argue that title never left the grantor and, consequently, the grantee receives a fee to the land upon its devise to him.

title to all such abutting lot owners; subject, however, to those rights which other owners may have in the alley as a necessary means of access to their properties.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.