TANNER ET AL., APPELLEES, *v.* SHIRKEY ET AL., APPELLANTS.

(No. F-81-13—Decided April 2, 1982.)

*Mr. Sheldon C. Meister,* for appellees.
*Mr. Jeffrey L. Robinson,* for appellants.

*Per Curiam.* This cause comes on appeal from a judgment in favor of appellees by the Court of Common Pleas of Fulton County.

Appellants and appellees are abutting property owners to alleyways which were dedicated to the village of Delta, Ohio, and subsequently vacated by the village. Appellees filed a complaint asserting that they are entitled to the entire width of the vacated alleyways. Appellants, in their counterclaim, asserted that they are entitled to a one-half fee interest in the alleyways which abut their property, and further entitled to an easement with respect to those areas which are used as access to their residence and their agricultural fields. Pursuant to a judgment entry of September 8, 1981, the trial court ruled that the alleyways accreted in their entirety to appellees. From the above entry, appellants now appeal.

Appellants' first assignment of error states that:

"The Court erred in its determination that Defendants-Appellants were not entitled to a fee simple interest in one-half the width of the vacated alley subject to easements of abutting property owners as for ingress and egress."

Appellants' contention is that Ohio law clearly requires that "where a street is vacated by a city, the land of which it was comprised passes in equal halves to the abutting lot owners, subject only to such rights as other owners may have in the street as a necessary means of access

to their properties." *Taylor* v. *Carpenter* (1976), 45 Ohio St. 2d 137, 139 [74 O.O.2d 257]; see, also, *Kinnear Mfg. Co.* v. *Beatty* (1901), 65 Ohio St. 264; *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish* (1902), 67 Ohio St. 181; *Babin* v. *Ashland* (1953), 160 Ohio St. 328 [52 O.O. 212]; *Greenberg* v. *L. I. Snodgrass Co.* (1954), 161 Ohio St. 351 [53 O.O. 253]; R.C. 723.08.

The trial court, while recognizing the rule above, found it inapplicable to appellants because it was not necessary for appellants to use the alleyways for ingress and egress to their properties. The trial court erred on this point.

While, as the trial court pointed out, one of the policy reasons behind the doctrine of accretion is to preserve the abutting property owners' rights of ingress and egress, this is not the only rationale which supports the doctrine.

In *Taylor,* the alleyways in question had been turned into lawns and had not been used by any person for ingress and egress for some time. 45 Ohio St. 2d at 138. Nevertheless, the court held that the doctrine of accretion operated to vest title in fee simple to the abutting property owners; one-half of the alleyway's width to each abutting property owner. *Id.* at 137. The decision is supported by the fact that:

"* * * [t]he original owner or dedicator is presumed to have received full value for the street when he sold the lots. * * * Since he divested himself of the fee interest in the street upon dedication and sale of the abutting lots, no equitable considerations support the accretion of the street to only the grantees in his line of title. Additionally, as noted above in *Parish* [67 Ohio St. 181], lot owners abutting such streets pay an increased price for lots because of their easement in the street and, therefore, upon vacation, the easement is preserved by adding the street to their lots." *Id.* at 141.

In none of the cases cited by appellees did the court hold that the entire portion of a vacated highway vested in fee simple to only one of the abutting lot owners. The vacated highways at issue in the cases were divided equally among the abutting lot owners. The holding of the trial court is a clear departure from well-established case law.

Appellees argue that the use of the word abutting "lot" owners in the cited cases and in R.C. 723.08 refers to subdivided lots and should not include the appellants' undivided farmland. The word "lot" can refer to "any portion, piece, division or parcel of land." Black's Law Dictionary (4 Ed. 1975). Accordingly, the court finds no intention to restrict the word "lot" to only subdivided lots, and that appellants' property comes within the definition of "lot."

In light of the foregoing, this court finds that appellees are entitled to fee simple interest in only one-half the width of the vacated alley. The trial court erred in not so ruling, and appellants' first assignment of error is found well-taken.

Appellants' second assignment of error states that:

"The Court erred in its determination that the Defendants-Appellants did not have an easement with respect to the vacated alley as for the purpose of access for ingress and egress to Defendants-Appellants' farmland and to Defendants-Appellants' personal residence."

Appellants' contention is that *Taylor* v. *Carpenter, supra,* and R.C. 723.08 should operate to preserve for appellants their right to use the vacated alleyways as a means of ingress and egress to their properties.

In *Taylor,* the court stated that the land of which the vacated alley was comprised "passes in equal halves to the abutting lot owners, subject only to such rights as other such owners may have in the street as a necessary means of access to their properties." 45 Ohio St. 2d at 139.

The use of the word "necessary," above, does not mean strict necessity, and the trial court was incorrect in applying

the law of an easement by necessity. In *Paul* v. *Wissalohican Camp Co.* (1957), 104 Ohio App. 253, 257 [4 O.O.2d 403], the court stated that:

"An abutting owner's easement in a vacated highway must be distinguished from an easement of necessity, which received some mention. An easement of necessity arises upon a grant in favor of land which would otherwise be inaccessible, * * * whereas a private easement in a public highway is already in existence when the highway is vacated, and continues if there is reasonable need for it."

The court in *Kinnear Mfg. Co.* v. *Beatty, supra,* set out the rule as to when a private easement in a vacated public highway is continued in favor of a non-abutting lot owner. Paragraph two of the syllabus in *Kinnear* states that:

"A property owner on a street or alley, a portion of which, other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, *where he has reasonable access to his property by other streets and alleys,* although the distance he may have to travel in some directions may be greater than before the vacation. *To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree.*" (Emphasis added.)

This rule would seem to apply with equal force to abutting lot owners.

The instant case comes to this court on an agreed statement of facts entered into by the parties. Paragraphs 13 through 16 of the agreed statement of facts state:

"13. That the Defendants Shirkey have used the alleyway north of Skeels' Addition as an access to their residence.

"14. That the lands of Defendants Shirkey lying north of and adjoining the alleyway north of Skeel's Addition also front on North Madison Street and the Defendants Shirkey have access to their residence from North Madison Street.

"15. That Defendants Shirkey have used the alleyway east of Dunham's Addition as an access to their agricultural fields for farming purposes.

"16. That the lands of Defendants Shirkey lying east and adjoining the alleyway east of Dunham's Addition front on Locust Street and the Defendants Shirkey have access to their agricultural fields for farming purposes from Locust Street."

In view of appellants' stipulation that they have alternate routes of access to their residence and agricultural fields, and in the absence of any fact indicating that the alternate routes are unreasonable or that the injury to appellants is different in kind from the injury suffered by the public generally, this court finds that appellants' second assignment of error is not well-taken.

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and the judgment of the Court of Common Pleas of Fulton County is modified.

Coming now to enter the judgment which the trial court should have rendered, pursuant to App. R. 12(B), it is ordered, adjudged and decreed that fee simple title to the one-half of the vacated alleyways which abuts their property is vested in appellants and the remaining one-half is vested in appellees.

*Judgment modified.*

CONNORS, P.J., POTTER and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.