**EDGEWATER COTTAGE ASSOCIATION, INC.,**
**Appellant,**

v.

**Virgil A. WATSON, et al., Respondents.**

**No. C3–85–2361.**

Court of Appeals of Minnesota.

May 20, 1986.

---

1. We note also that appellant herself sought relief in the Minnesota courts through her Dakota County petition.

Charles A. Krekelberg, Williams, Nitz, Krekelberg & Stringer, Pelican Rapids, for appellant.

Joseph A. Evans, Detroit Lakes, for respondents.

Considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment entered October 17, 1985, awarding respondents Virgil and Virginia Watson fee simple title to a vacated alleyway. Edgewater Cottage Association also appeals from an order denying a new trial and refusing to amend conclusions of law. Appellant argues it is entitled to one-half of the vacated alleyway. We affirm.

## FACTS

Appellant Edgewater Cottage Association disputes the trial court's ownership determination of an alleyway adjacent to its property in Detroit Lakes. The alley was originally laid out and platted in 1891 by I.A. Brooks along the northern edge of his property. Brooks owned no land on the other side of the alleyway. The alley was never open for public use and the city vacated it in 1983.

Respondents Virgil and Virginia Watson and their predecessors in title have used the alleyway as a yard and garage site. They own land adjacent to the alley and trace their title to Brooks. Edgewater property also abuts the alleyway. Its title cannot be traced to I.A. Brooks.

The trial court held that respondents own the entire alleyway. Appellant disagrees

and claims it owns to the center line of the portion of the alleyway that abuts its property.

## ISSUE

Did the trial court err in determining respondents are entitled to the entire vacated alleyway?

## ANALYSIS

■ Edgewater appeals from the judgment and the trial court's order denying its motion for amended conclusions of law or a new trial. The order denying amended conclusions of law is a non-appealable order. However, the judgment and the order denying a new trial are appealable under Minn. R.Civ.App.P. 103.03.

■ Appellant bases its motion for a new trial on grounds that the decision is not justified by the evidence and is contrary to law. Minn.R.Civ.P. 59.01(7). The decision whether to grant a new trial rests almost solely in the trial court's discretion. Such a decision will not be reversed except upon a showing of clear abuse of discretion. *Westbrook State Bank v. Johnson*, 358 N.W.2d 422, 425–26 (Minn.Ct.App. 1984).

■ Edgewater argues that the trial court erred in refusing to divide the vacated alleyway proportionately between adjoining landowners. The general rule in Minnesota is that upon vacation of a street or alley, abutting landowners own to the middle of a street or alley. This rule is subject to an exception where the grantor of the easement owned the land up to and including the street, but not land on the other side of the street. Upon vacation, the fee reverts to the grantees who obtained their title from the grantor of the easement. *In re Robbins*, 34 Minn. 99, 102, 24 N.W. 356, 357 (1885); *see also Lamprey v. American Hoist and Derrick Co.*, 197 Minn. 112, 119, 266 N.W. 434, 438 (1936) (exception applies where a river is located on the other side of the street).

■ The court in *Robbins* explains the one-half ownership rule is based on the presumption that adjoining landowners furnished land for the roadway use. However, this rule does not apply where evidence shows the street was laid out wholly on another's land. *Robbins* at 101, 24 N.W. at 357. Further, in Minnesota, conveyance of a right of way or easement does not constitute conveyance of the land itself. Fee remains in the grantor of the easement and her successors. *Minneapolis Athletic Club v. Cohler*, 287 Minn. 254, 257, 177 N.W.2d 786, 789 (1970); *see also Foote v. City of Crosby*, 306 N.W.2d 883, 885 (Minn. 1981). The supreme court has held that vacation of a road extinguishes the town's easement and the land occupied by the road reverts to the fee owners. *McCuen v. McCarvel*, 263 N.W.2d 64, 66 (Minn.1978).

Appellant cites an Ohio case, *Tanner v. Shirkey*, 5 Ohio App.3d 225, 451 N.E.2d 255 (1982), to support its claim to one-half interest in the vacated alleyway. In *Tanner* the Ohio Court of Appeals relied on established Ohio case law that the original owner or dedicator divests himself of fee interest upon street dedication and sale of abutting lots and rejected a lower court ruling awarding an entire alleyway to one adjoining landowner. *Id.* at 257. The court relied on *Taylor v. Carpenter*, 45 Ohio St.2d 137, 341 N.E.2d 843 (1976), a case which rejected the theory that fee title to a dedicated street remains in the adjoining landowners.

■ Therefore, although other states hold that abutting landowners have a one-half interest in a vacated street or alleyway, Minnesota clearly adheres to the exception to the one-half ownership rule. The vacated alleyway here was dedicated by Watsons' predecessor in title, I.A. Brooks, who owned no land on the other side of the alleyway. Edgewater's title cannot be traced to Brooks. The trial court correctly applied Minnesota law to this situation and properly concluded that respondents are entitled to fee simple ownership of the entire vacated alleyway. The trial court did not abuse its discretion in denying

appellant's motion for amended conclusions of law or a new trial.

## DECISION

Where an alleyway was originally laid out on land belonging to a single abutting property owner, upon vacation the other adjoining landowners are not entitled to any interest in the vacated land.

Affirmed.