In the Matter of the PETITION OF BUILDING D, INC., Building E, Inc. and Building N, Inc., for Certain Relief in Connection with Certificate of Title N. 171977.

No. C8–93–5.

Court of Appeals of Minnesota.

July 6, 1993.

Review Denied Aug. 24, 1993.

Daniel D. Maddy, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for appellant Building N, Inc.

Charles H. Andresen, Bryan N. Anderson, Crassweller, Magie, Andresen, Haag & Paciotti, P.A., Duluth, for respondent Arrowhead Elec., Inc.

Considered and decided by KLAPHAKE, P.J., and KALITOWSKI and SCHULTZ,* JJ.

**OPINION**

KALITOWSKI, Judge.

Building N, Inc. appeals from a judgment entered by the district court determining that under the doctrine of practical location of boundaries by acquiescence respondent Arrowhead Electric, Inc. was the owner of the southerly one-half of vacated Buchanan Street.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

## FACTS

Appellant is the owner of Lot 2, Lake Avenue, Cowell's Addition to Duluth, and Lot 1, Minnesota Avenue, Cowell's Addition. The lots are adjoining, with Lot 2 lying to the east of Lot 1. Lot 1 was registered in 1910 and Lot 2 was registered in 1923. Buchanan Street runs along the southern boundaries of Lots 1 and 2 and was dedicated in 1856.

Respondent is the owner of the easterly 88 feet of Lot 300, Lake Avenue, Upper Duluth. Adjoining Lot 300 on the west is Lot 299, Minnesota Avenue, Upper Duluth. Lot 300 lies to the south of Lot 2 and Buchanan Street runs along the northern boundary of Lot 300. The disputed part of Buchanan Street lies between Lot 300 and Lot 2.

In 1961, the owners of Lots 1, 2, 299, and 300, who included respondent and appellant's predecessor, filed a joint petition to vacate Buchanan Street. The petition stated that the vacated street would "be used by your petitioners in the expansion of the use of their respective facilities and adjacent areas and will facilitate the use of said property." In December 1961, the vacation petition was granted by the Duluth City Council. Because the vacation of Buchanan Street was not filed, it did not appear on appellant's certificate of title until 1990.

Shortly after Buchanan Street was vacated, respondent and one of appellant's predecessors erected a fence and gate perpendicular to the street. While appellant's predecessors removed their part of the fence from the northerly one-half of Buchanan Street approximately one year later, respondent retained its part of the fence on the southerly one-half until the early 1980s. Respondent also created five parking spaces perpendicular to its building and used a part of the vacated street for employee parking.

In 1989, appellant purchased Lots 1 and 2. In pertinent part, the warranty deed conveys the following property to appellant [t]hat part of vacated Buchanan Street in COWELL'S ADDITION TO DULUTH, abutting upon Lot 2, LAKE AVENUE, COWELL'S ADDITION TO DULUTH,

Lot 1, MINNESOTA AVENUE, COWELL'S ADDITION TO DULUTH, and Lot 299, MINNESOTA AVENUE, UPPER DULUTH.

Appellant's certificate of title gives it title to Lot 2 "according to the plat thereof on file and of record in the office of the Register of Deeds."

In April 1991, appellant and other parties not involved in this appeal filed a petition subsequent to initial registration requesting, among other things, an order establishing title in favor of appellant to vacated Buchanan Street and directing the Registrar of Titles to issue a new certificate of title to that effect. By order filed October 30, 1991, the district court granted appellant the relief requested, except that relating to the part of vacated Buchanan Street lying between Lot 2 and Lot 300.

The parties thereafter stipulated and agreed to refer the matter to the district court. Appellant claimed title to all of vacated Buchanan Street because the street was taken entirely from Cowell's Addition plat. Respondent claimed title to the southerly one-half of disputed Buchanan Street under two alternative theories: practical location of boundaries by acquiescence or practical location of boundaries by estoppel. The district court considered the matter on the parties' written submissions.

The district court found that (1) appellant and its predecessors "treated the center line of the vacated street as the boundary line for some 29 years;" (2) respondent's use of the disputed property was not contested until 1991; (3) since vacation of the street in 1961, respondent has had exclusive control over the disputed property; and (4) appellant's predecessors and respondent "understood that upon vacation of Buchanan Street, each would become the owner of 30 feet of the street abutting their respective properties." Based on these findings, the district court concluded:

> That the boundary between the two pieces of property has been established by the acquiescence of the parties under the doctrine of practical location, and

that said boundary is the center of the vacated Buchanan Street.

This appeal followed entry of judgment.

## ISSUE

Did the district court err in applying the doctrine of practical location of boundaries by acquiescence to this case?

## ANALYSIS

■ Appellant claims title to all of vacated Buchanan Street. Upon vacation, title to a dedicated street does not necessarily vest in all abutting landowners. When a street is located at the margin between two plats, but entirely within one plat, as here, the owners of the properties within the plat and abutting the street own the entire street. *Edgewater Cottage Ass'n v. Watson*, 387 N.W.2d 216, 218 (Minn.App.1986). Thus, when Buchanan Street was vacated in 1961, the City's easement was extinguished and the land occupied by the street reverted to appellant's predecessors, who owned Lots 1 and 2, Cowell's Addition. *See id.*

■ Respondent claims title to the southerly one-half of disputed Buchanan Street under the doctrine of practical location of boundaries. A disputed boundary between two pieces of property may be established under this doctrine by recognition and acquiescence on the part of the parties and their predecessors. *Engquist v. Wirtjes*, 243 Minn. 502, 506, 68 N.W.2d 412, 416 (1955). The effect of finding a practical location is in many respects, similar to acquiring title by adverse possession. *Id.* at 507, 68 N.W.2d at 417.

■ By statute, title to registered property may not be gained by adverse possession or prescription. Minn.Stat. § 508.02 (1992). Nevertheless, the doctrine of practical location has been applied in some instances to determine boundaries to registered property. In *Moore v. Henricksen*, 282 Minn. 509, 515–16, 165 N.W.2d 209, 215 (1968) and *Minneapolis & St. L. Ry. v. Ellsworth*, 237 Minn. 439, 444–45, 54 N.W.2d 800, 804 (1952), the supreme court allowed application of the doctrine when the original registration proceeding did not determine the boundary lines and the basis for the boundary dispute existed at the time of the original registration proceeding. In *In re Zahradka*, 472 N.W.2d 153, 155–56 (Minn.App.1991), *pet. for rev. denied* (Minn. Aug. 29, 1991), this court applied the doctrine of practical location to resolve a conflict between two certificates of title which could be read to include the same property.

In *Konantz v. Stein*, 283 Minn. 33, 36, 167 N.W.2d 1, 4 (1969), the supreme court indicated that once title is registered, it is impossible to thereafter acquire title to the registered land by holding adversely to the registered owner. If, however, title is obtained prior to the registration proceeding through adverse possession or practical location of a boundary line, then the registration proceedings cannot extinguish that interest. *Id.*

These cases illustrate that, in limited circumstances, the doctrine of practical location of boundaries may be applied to registered property. However, in this case there is no claim that the certificate of title is ambiguous. Nor did respondent or its predecessors claim title to the disputed part of Buchanan Street prior to the time Lot 2 was registered in 1923. At that time, Buchanan Street was still a public easement. The basis for the dispute in this case did not arise until 1961, when Buchanan Street was vacated and its title reverted to appellant's predecessors as the owners of Lots 1 and 2.

We conclude respondent's claim to one-half of the disputed part of Buchanan Street is prohibited under Minn.Stat. § 508.02 ("No title to registered land in derogation of that of the registered owner shall be acquired by prescription or by adverse possession."). Under the undisputed facts of this case, the doctrine of practical location of boundaries does not apply.

## DECISION

The judgment of the district court is reversed. Appellant is entitled to have the disputed part of Buchanan Street added to

the legal description on its certificate of title.

**Reversed.**