PAUL, APPELLEE, *v.* THE WISSALOHICAN CAMP CO., APPELLEE; VOSS, APPELLANT.

254

(No. 223—Decided June 28, 1957.)

*Messrs. Jackman, Nichols & Grubbs,* for plaintiff appellee.
*Messrs. Crabbe & Tanner,* for defendant appellee.
*Messrs. Landis & Runyan,* for appellant.

CRAWFORD, J. This is an appeal on questions of law and fact submitted upon an agreed statement of facts.

The controversy arises in connection with the relocation by federal, state and county authorities of part of the High Free Pike in Madison County, Ohio.

The old right of way, proceeding somewhat northeastwardly, ran in a straight line to a point where it formed an angle by turning slightly more toward the north and then continued in another straight line. The new location, therefore, is somewhat to the northwest of the old and eliminates the angle. It also leaves a small triangular strip or parcel of land between the old right of way and the new. This strip was appropriated in connection with the relocated highway.

The center line of that portion of the old right of way immediately southwest of the angle is the property line between the plaintiff, an appellee herein (and her associates), hereinafter called Paul, on the northwest, and the defendant, an appellee herein, The Wissalohican Camp Company, hereinafter called Camp Company, on the southeast. This property line does not bend at the angle of the old road, but continues in the same

straight line northeastwardly as far as we are now interested in it. Thus, the old road, as it proceeded northeastwardly from the angle, left the property of the Camp Company and was located entirely on Paul's farm. The additional land needed for the new right of way was also appropriated from Paul's farm. This appropriation, as we have seen, included the small triangular tract already referred to, which was also part of Paul's farm.

Before the relocation of the highway, the Camp Company had two means of access to the old highway, one on the extreme west, or southwest, which still connects with the new highway as it did with the old, and one near, but slightly to the southwest of, the angle of the old road. The latter access was by means of what is called East Drive and led over part of the Camp Company's land to the southeast line of the old right of way. East Drive has now been extended across the old right of way and also across the triangular tract, to the southeast line of the new right of way. Just how this extension was effected is not clear.

In the prayer of her petition Paul asks that defendants, O. C. Voss and the Camp Company, be enjoined from trespassing upon her property, and that the Camp Company be required to remove crushed stone, etc., regrade the extension of East Drive and another drive used by Voss, and restore the contour of Paul's land.

Throughout the existence of the old highway Paul and the Camp Company had each continued to own the fee tail and fee simple title respectively up to the property line. *Lawrence Rd. Co.* v. *Williams,* 35 Ohio St., 168; *Ohio Bell Telephone Co.* v. *Watson Co.,* 112 Ohio St., 385, 147 N. E., 907; *Hofius* v. *Carnegie-Illinois Steel Corp.,* 146 Ohio St., 574, 67 N. E. (2d), 429; 20 Ohio Jurisprudence, 803, Highways, Section 141.

All of the old right of way which was not included in the new was duly vacated, so that the same reverted to the abutting owners, subject to existing easements. *Kinnear Mfg. Co.* v. *Beatty,* 65 Ohio St., 264, 62 N. E., 341, 87 Am. St. Rep., 600; *Greenberg* v. *L. I. Snodgrass Co.,* 95 Ohio App., 307, 119 N. E. (2d), 114 (affirmed 161 Ohio St., 351, 119 N. E. [2d], 292, 49 A. L. R. [2d], 974).

Hence Paul obtained by reverter the total ownership of the abutting or northwest half of the old right of way lying southwest of the angle and of the whole width of the right of way lying roughly northeast of the angle—all subject to existing private easements.

The Camp Company owned an easement in the old right of way from the old terminus of East Drive. *McQuigg* v. *Cullins*, 56 Ohio St., 649, 47 N. E., 595; *Kinnear Mfg. Co.* v. *Beatty, supra,* 282; *Greenberg* v. *Snodgrass, supra*; 18 Ohio Jurisprudence (2d), 522, Easements, Section 4.

The agreed statement of facts shows that East Drive served the low lying part of the Camp Company's land, while the drive to the west served the higher elevation.

The Camp Company has asked that if it is denied use of the extension of East Drive it be declared entitled to access to the relocated highway by use of the section of the old right of way lying northeast of the angle, which has now been vacated as a public highway. We believe it to be so entitled.

In its cross-petition the Camp Company says (referring obviously to the extentions of East Drive), "said county commissioners caused a driveway to be constructed across the old High Free Pike and over said appropriated land to the new High Free Pike, which driveway this defendant and its members and licensees use for access to the new High Free Pike." In her reply Paul says "that the driveway was constructed across the old High Free Pike and the land attempted to be appropriated and that the members of and licensees of the said company used the said driveway for access to the High Free Pike." The agreed statement of facts says that "the East Drive was extended from 'V' (center line of the old right of way) to 'P' (southeast right of way line of the new highway) in construction of the new road and was not done as the result of any action on the part of the Camp Corporation."

Judge Baynes of the trial court, in his carefully prepared decision, refers to this extension of East Drive across the old highway and across the triangular tract to the new highway as a "lawful easement" and as being "governmentally constructed." The transcript indicates a pretrial conference. It is en-

tirely possible therefore that there are facts known to counsel and the trial court which did not find their way formally into the agreed statement of facts.

On the basis of the pleadings and the facts before us we fail to find, as to the extension of East Drive, the essential elements either of an appropriated public highway or of an easement in the Camp Company. Upon the facts before us the Camp Company must be relegated to the alternate relief for which it prays, namely, the declaration of an easement of access to the new highway by way of the northeastern section of the old.

Paul argues, however, that in view of the Camp Company's access to the new highway at the west of its property, there is no need for, and therefore no right to, such an easement to the east. The agreed facts show that this access to the east is important to serve the low ground in the camp, and that the alternative of making the west drive available to this low ground would be expensive, inconvenient and impracticable.

An abutting owner's easement in a vacated highway must be distinguished from an easement of necessity, which received some mention. An easement of necessity arises upon a grant in favor of land which would otherwise be inaccessible, 28 Corpus Juris Secundum, 695, Easements, Section 35; whereas a private easement in a public highway is already in existence when the highway is vacated, and continues if there is reasonable need for it.

Continuation of the abutting owner's easement after vacation does not depend upon absolute necessity. It is enough that no other road is reasonably suitable to meet the necessities of such owner. Hence the Camp Company is not to be limited to use of its partial access on the west if it is not convenient or practicable except by the expenditure of a large amount of money. *McQuigg* v. *Cullins, supra* (56 Ohio St., 649), 652.

The act of the Camp Company in joining in the petition to vacate the old highway cannot defeat its easement. The established rule of law which affords such easement to an abutting owner must be considered to have been in the minds of all participants in the vacation procedure. In *McQuigg* v. *Cullins*,

*supra* (56 Ohio St., 649), the plaintiff abutting owner was not denied protection of such an easement for failure to object, although present at the passage of the vacation resolution.

The defendant, appellant herein, Voss, is a licensee of the Camp Company, and as such has erected a dwelling house, an extension thereof, and connected structures which approach to within 5 feet 6 inches of the center line of the old right of way at a point southwest of East Drive. He is using a drive which runs from the premises he occupies across part of the old highway and across the triangular tract to the new highway. Paul's prayer, as above noted, is also directed to this drive.

Voss's situation differs from that of the Camp Company in two important particulars. First, according to the agreed statement of facts, he is a mere licensee and can at best take only derivatively from his licensor. The Camp Company argues in its brief that he is actually a lessee; but it and he must be bound by the statement of facts to which they agreed. It is true that the regulations of the Camp Company, which were attached to the stipulation, make reference to lessees, but that does not render Voss a lessee. It may be observed that if he were in fact a lessee, still it is difficult to see how his rights could rise above those of his lessor. And the Camp Company asserts no claim on behalf of Voss and disclaims responsibility for his acts.

A license confers only a limited personal right of user. 25 Ohio Jurisprudence, 315, Licenses, Section 2; 53 Corpus Juris Secundum, 806, Licenses, Section 79. Voss is in no sense an owner of any real estate to which an easement or right of way might attach. Any right of user of the drive, if it existed, would necessarily be appurtenant to the portion of the Camp Company's property which Voss occupies and, therefore, could not be an easement in gross. 17A American Jurisprudence, 627, Easements, Section 12. Hence, not being the owner of the land, but a mere licensee, he owns nothing to which an easement might attach or be appurtenant.

It was argued that the northwest half of the old highway at this point never reverted to Paul upon its vacation because she was not then an abutting owner, the triangle abutting the old highway having been appropriated for the purposes of the new highway. However, she still retained the title in fee tail

to that strip and also to all the surrounding farm, subject to easements. Furthermore, the northeastern and contiguous part of the old highway clearly reverts to her, so that it would be a narrow construction indeed of the term "abutting owner" which would exclude her from acquiring by reverter her portion of the contiguous segment extending southeast. Furthermore, Voss, being only a licensee, is hardly in position to challenge the title of another.

The second vital respect in which Voss's situation differs from that of the Camp Company is that he has projected his house and its connected structures almost to the center of the old highway on the Camp Company's side. The old right of way, like the new, was 60 feet in width. He has occupied 24 and a half feet, or up to 5 and a half feet of the center line. Obviously, he had no right to do so if, as he claims, an easement existed in the old highway after its vacation. If he had a right to do so, such right could be based only upon the premise that no such easement existed; in that situation he could not build upon and occupy the Camp Company's half of the old highway while denying Paul's right to do likewise on her half. Any easement which survives the vacation of the old right of way exists throughout the entire width thereof. *Schimmelmann* v. *Lake Shore & Mich. Southern Ry. Co.*, 83 Ohio St., 356, p. 372, 94 N. E., 840, 36 L. R. A. (N. S.), 1164.

By his occupancy of most of the Camp Company's half of the old highway he abandons any possible claim of easement he might otherwise have had in Paul's half, since he who seeks equity must do equity.

No issue is raised between Voss and his licensor, the Camp Company. Hence we do not pass upon their reciprocal rights, and duties, nor resolve the question as to how Voss may reach the new highway.

It is our conclusion from the facts before us that upon vacation of the old right of way the portions thereof lying on their respective sides of the property line reverted to Paul and to the Camp Company, subject to private easements, and that Paul is entitled to a permanent injunction against both Voss and the Camp Company respecting both Voss's drive and the extension of East Drive. There being no evidence that the nature or con-

tour of plaintiff's ground has been changed by either defendant, need for the relief prayed for in that regard is not shown, and the same is denied.

It is our conclusion further that the Camp Company has a private easement to the new highway from old East Drive over the northeastern segment of the old highway as prayed for.

The trial court's division of costs appearing equitable, we shall likewise order that one-half be paid by Voss, one-fourth by Paul and one-fourth by the Camp Company.

*Judgment accordingly.*

HORNBECK, P. J., and WISEMAN, J., concur.