BUTZER ET AL., APPELLEES, *v.* JOHNS ET AL., APPELLANTS.

[Cite as Butzer v. Johns (1979), 67 Ohio App. 2d 41.]

(No. 1613—Decided December 28, 1979.)

*Mr. Charles A. Kennedy,* for appellees.
*Mr. Sherman S. Dalbey,* for appellants.

MAHONEY, J. Defendants-appellants, Jerry and Joann Johns, were enjoined from obstructing a vacated alley which led to a garage owned by plaintiffs-appellees, Darles L. and Joyce Butzer. Upon appeal, we affirm the trial court's decision.

*Facts.*

The Butzers own lot Nos. 63 and 64 in the village of Marshallville; the Johnses own lot No. 62. The lots front on Main Street. The Johnses' lot also abuts Euclid Street. The 120 by 15 foot alley, which is the focus of the dispute in this case, runs southerly off Euclid Street. It passes through the back of the Johnses' lot (lot No. 62) and then through the back of the Butzers' lot (lot No. 63). It terminates in a garage which the Butzers built across the alley.

The Butzers built the garage in 1968 on an old barn foundation and used the alley as a driveway. In 1974, the village of Marshallville vacated the alley. As a result, the portion which the Johnses' land abutted reverted to the Johnses and the portion which the Butzers' land abutted reverted to the Butzers. Therefore, the Butzers have to drive over the Johnses' land to reach their garage, which is now located on the Butzers' own property.

The Johnses then proceeded to obstruct the path by parking cars there and, ultimately, by constructing a martin birdhouse in the middle of the Johnses' portion of the alley. The Butzers then sued the Johnses to enjoin them from blocking the Butzers' access to the alley. The Johnses submitted that the Butzers could reach their garage by an alternative route, *e.g.*, they could build another driveway on lot No. 63 or 64 from Main Street to the garage, a distance of about 120 feet.

The Court of Common Pleas of Wayne County found for the Butzers, after determining that no other alternative reasonably served the Butzers' need to reach their garage.

*Argument.*

The Johnses present the following two assignments of error, which we will discuss together:

"1. The trial court erred in enjoining the obstruction of the vacated portion of an alley where an adjoining owner to a portion of said alley has other access to his property.

"2. The trial court erred in finding as a matter of law that the appellee-plaintiff was entitled to injunctive relief predicated upon a finding of reasonable necessity or access over the portion of the alley which reverted to the appellant-defendant."

When a street is vacated and the land reverts to the abut-

ting lot owners, certain rights to an easement may inhere in property owners whose land abuts the vacated area, if access to their own property is affected by the vacation. R. C. 723.08; *Crawford* v. *Delaware* (1857), 7 Ohio St. 459, 466; *McComb* v. *Town Council of Akron* (1846), 15 Ohio 474; 27 Ohio Jurisprudence 2d 210, Highways and Streets, Section 166. In order for an easement to arise, there must be *either* a direct physical connection between the obstructed property and the complainant's land, *or,* the part vacated must have furnished the only access to the complainant's property. *Kinnear Mfg. Co.* v. *Beatty* (1901), 65 Ohio St. 264, 284. The applicable test for determining whether an easement exists depends into which category the complainant falls.

Where, as here, the complainants' land abuts the vacated property, a reasonable need standard, not one of absolute necessity, dictates whether the complainants merit an easement. *Paul* v. *Wissalohican Camp Co.* (1957), 104 Ohio App. 253, 257. In that case the denial of an easement to the complainant would have relegated him to using a path that was "expensive, inconvenient and impracticable." *Id.,* at page 257. Instead, the court granted him the easement over the vacated road. "***It is enough that no other road is reasonably suitable to meet***[his] necessities***." *Id.,* at page 257. See, also, *McQuigg* v. *Cullins* (1897), 56 Ohio St. 649; *Ording* v. *Salinger* (1961), 91 Ohio Law Abs. 429.

The Johnses cite *Taylor* v. *Carpenter* (1976), 45 Ohio St. 2d 137, as authority for the absolute necessity test. The court in that case, which did not focus on the question of access, stated the following: "***[The abutters' rights are] subject***to those rights which other owners may have in the alley as a necessary means of access to their properties." *Id.,* at page 143. In fact, the court did not define "necessary." Upon analyzing the authority which the court cited on this question, *id.,* at page 139, we infer that the Supreme Court intended that a "reasonable necessity" standard, not an "absolute necessity" standard, be used. See, *e.g., Babin* v. *Ashland* (1953), 160 Ohio St. 328, 341; *Kinnear Mfg. Co.* v. *Beatty, supra.*

Upon application of the reasonable necessity test to the facts of this case, the court finds that the Butzers are not precluded from meriting an easement because it is possible for

them to build an alternative driveway. The fact that such a driveway would be expensive and would decrease the value and potential use of the lots is sufficient to demonstrate that no path other than the alley is "***reasonably suit[ed] to meet***[their] necessities***." *Paul* v. *Wissalohican Camp Co., supra,* at page 257.

The Johnses also suggest that the Butzers are estopped from complaining about the effects of vacating the alley because, while the Butzers did attend one council meeting to protest the proposed vacation, they did not attend the second, when the vote actually occurred. In *McQuigg* v. *Cullins, supra,* at page 653, the complainant went to a hearing but never objected to the vacation. In *Paul* v. *Wissalohican Camp Co., supra,* at page 257, the complainant actually joined in the petition to vacate. In neither case did the court find the complainant to be estopped: "***The established rule of law which affords****[an] easement to an abutting owner must be considered to have been in the minds of all participants in the vacation procedure.***" *Paul* v. *Wissalohican Camp Co., supra,* at page 257.

*Summary.*

We find that the trial court correctly employed the reasonable necessity test and properly enjoined the Johnses from obstructing the alley. Therefore, we overrule the Johnses' assignments of error and affirm the trial court's judgment.

*Judgment affirmed.*

BELL, P. J., concurs.
VICTOR, J., dissents.