[Cite as *Bremke v. Sherck*, 2013-Ohio-5361.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

KARL E. SHERCK, et al.

    Appellees

    v.

JOHN R. BREMKE, et al.

    Appellants

C.A. No.      12CA010303

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV169023

DECISION AND JOURNAL ENTRY

Dated: December 9, 2013

MOORE, Presiding Judge.

**{¶1}** Defendants-Appellants, John R. Bremke, et al., appeal from the October 25, 2012 judgment entry of the Lorain County Court of Common Pleas. We reverse.

I.

**{¶2}** This matter arises from a dispute involving a vacated section of Fairlain Drive[1] owned by John and Kimberly Bremke ("the Bremkes"). In *Sherck v. Bremke*, 9th Dist. Lorain No. 11CA010078, 2012-Ohio-3527, ¶ 1, ("*Bremke I*") this Court set forth the history of the case:

> For a number of years, Karl and Connie Sherck [the Shercks] accessed property that they owned by passing through land owned by [the Bremkes]. When [the Shercks] began increasing the frequency with which they used the route, however, the Bremkes erected a fence to keep them off [their] property. The Shercks sued the Bremkes seeking a declaration that they have an easement to pass over the Bremkes' property. The Bremkes counterclaimed, requesting that the trial court enjoin the Shercks from entering their land. Following discovery, the Shercks moved for summary judgment and the Bremkes moved for partial summary judgment. The [trial] court granted judgment to the Shercks, concluding that,

---

[1] Throughout the record, Fairlain Drive is spelled both "Fairlain Drive" and "Fairlane Drive." We have used the same spelling as the trial court, "Fairlain Drive," in our discussion.

under [R.C. 723.08], they have an easement over the part of the Bremkes' property that at one time had been dedicated to public use. The Bremkes [] appealed, arguing that the court incorrectly granted the Shercks' motion for summary judgment and incorrectly denied the Bremkes' motion for partial summary judgment.

{¶3} In *Bremke I* at ¶ 22, we vacated the trial court's decision and remanded it for further review. In doing so, we instructed the trial court to determine if a genuine issue of material fact existed as to whether "it was reasonably necessary for the Shercks to use the lot at the corner of Butternut and Fairlain to access their Fairlain Drive lots *at the time that the City vacated Fairlain Drive.*" (Emphasis added.) *See also Lord v. Wilson,* 9th Dist. No. 1354, 1985 WL 10675 (Apr. 10, 1985). On remand, the trial court again granted the Shercks' motion for summary judgment, and denied the Bremkes' cross-motion for partial summary judgment, stating:

> The issue before this [c]ourt is whether it was reasonably necessary for the [Shercks] to access their Fairlain Drive lots via the property now owned by [the Bremkes] at the time the City of Amherst vacated Fairlain Drive on November 8, 1982. [] [Mr. Sherck] testified at his deposition that from the day he and his wife purchased the property they have made improvements to it. [] In the summer of 1981, [the Shercks], with the help of a friend, used a tractor to grade the Fairlain Drive lots. [] The friend drove the tractor through the property now owned by [the Bremkes] to gain access to the lots. [] The friend used the same route when he was finished grading the property. [] The following year, 1982, [the Shercks] roto-tilled a portion of the property, planted a garden, brought in mulch, and planted trees on the Fairlain lots. [The Shercks] again used the property now owned by [the Bremkes] to gain access to the lots. [] On November 8, 1982, the City of Amherst vacated Fairlain Drive.
>
> * * *
>
> Mr. Sherck's affidavit and deposition testimony establish the expense, inconvenience, and impracticability of the Shercks utilizing another path to access their lots at the time Fairlain Drive was vacated by the City of Amherst. This [c]ourt finds that [the Shercks] have shown continued access through the vacated Fairlain Drive to their two lots abutting the vacated street was reasonably necessary at the time Fairlain Drive was vacated in November 1982.

{¶4} The Bremkes appealed, raising two assignments of error for our consideration. In order to facilitate our discussion, we will address their assignments of error together.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED [THE SHERCKS'] MOTION FOR SUMMARY JUDGMENT AND DENIED [THE BREMKES'] CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, BECAUSE AT THE TIME [FAIRLAIN] DRIVE WAS VACATED, THE SHERCKS' USE OF THE BREMKE PROPERTY TO ACCESS THE SHERCKS' PROPERTY WAS NOT REASONABLY NECESSARY FOR PURPOSES OF [R.C. 723.08].

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED [THE SHERCKS'] MOTION FOR SUMMARY JUDGMENT AND DENIED [THE BREMKES'] CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, AS GENUINE ISSUES OF MATERIAL FACT REMAIN FOR DETERMINATION BY A JURY REGARDING WHETHER IT WAS "EXPENSIVE, INCONVENIENT AND IMPRACTICABLE" FOR THE SHERCKS TO USE AN ALTERNATIVE MEANS TO ACCESS [THEIR] PROPERTY FOR PURPOSES OF [R.C. 723.08].

{¶5} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280,

292-93 (1996). Specifically, the moving party must support its motion by pointing to some evidence in the record indicated in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293; Civ.R. 56(E).

> **{¶6}** R.C. 723.08 states that:

> The order of a legislative authority of a municipal corporation vacating or narrowing a street or alley which has been dedicated to public use by the proprietor thereof, shall, to the extent to which it is vacated or narrowed, operate as a revocation of the acceptance thereof by the legislative authority, but the right of way and easement therein of any lot owner shall not be impaired by such order.

In *Butzer v. Johns*, 67 Ohio App.2d 41, 42-43 (9th Dist.1979), this Court explained that:

> When a street is vacated and the land reverts to the abutting lot owners, certain rights to an easement may inhere in property owners whose land abuts the vacated area, if access to their own property is affected by the vacation. In order for an easement to arise, there must be either a direct physical connection between the obstructed property and the complainant's land, or, the part vacated must have furnished the only access to the complainant's property. The applicable test for determining whether an easement exists depends into which category the complainant falls.

> Where, as here, the complainants' land abuts the vacated property, a reasonable need standard, not one of absolute necessity, dictates whether the complainants merit an easement. In that case the denial of an easement to the complainant would have relegated him to using a path that was expensive, inconvenient and impracticable. Instead, the court granted him the easement over the vacated road. It is enough that no other road is reasonably suitable to meet [his] necessities.

(Citations and quotations omitted.) In the present matter, because the Shercks' land abuts the vacated Bremke property, we use the *Butzer* reasonable need standard. Further, in *Lord*, 1985 WL 10675, at *2, we clarified that "[t]he issue thus becomes whether continued access through the vacated street was reasonably necessary for [the Shercks] *at the time* [Fairlain Drive] was vacated. (Emphasis added.)

**{¶7}** Here, in support of their motion for summary judgment, the Shercks submitted Mr. Sherck's affidavit, as well as his supplemental affidavit. In his affidavit, Mr. Sherck averred, among other things, that:

> [1] In order to access our [t]wo [l]ots with any type of motor vehicle, it is necessary for me to use the easement on vacated Fairlane Drive. I have used the vacated portion of [Fairlain] Drive, together with my wife, [Mrs. Sherck], and our invitees, to access our [t]wo [l]ots for the purpose of bringing in building materials and gardening materials, driving and storing vehicles, and providing access to trucks for various purposes *since* [Fairlain] Drive was vacated in 1982.
>
> [2] Access to the [t]wo [l]ots for the above-described purposes and all other purposes is not possible through our Principal Residence Parcel fronting on Park Avenue because of the extremely narrow space between our residence and our residence parcel lines. On the easterly side of our Principal Residence Parcel, the space between the exterior wall of our house and an open drainage watercourse (which includes flowing water and cannot be obstructed) is only 63 inches and is not of sufficient width to drive either an automobile or a truck for access to our [t]wo [l]ots. On the west side of our Principal Residence Parcel, the space between the exterior wall of our house and the parcel boundary line is approximately 82 inches, and is not sufficient to drive an automobile or a truck for access to our [t]wo [l]ots. Additionally, access to the [t]wo [l]ots on either the westerly boundary or the easterly boundary would involve the construction of a driveway at considerable expense, not only for the driveway but for the preparation to install the driveway. On the westerly boundary of our Principal Residence Parcel, preparation to install a driveway would include the removal of several mature trees. In order to install a driveway in the 63 inches existing on the easterly boundary, construction of some type of structure to allow the drainage watercourse currently there to exist and continue to provide drainage would have to occur. The construction of a driveway, even if there were sufficient space on either side of our Principal Residence Parcel for a driveway, would involve considerable expense and is inconvenient and impracticable. Any other alternative would involve removal of parts of our residence which would also be expensive, inconvenient and impracticable.
>
> [3] The construction of a driveway across our Principal Residence parcel would impair the value of our Principal Residence Parcel.

(Emphasis added.) Further, in his supplemental affidavit, Mr. Sherck also averred that the existence and location of the exterior wall of their residence, open drainage watercourse, and property boundary lines have not changed or been altered since the time that Fairlain Drive was first vacated in 1982.

{¶8}   In his deposition, Mr. Sherck testified that he and his wife purchased the two lots in 1981, and that they made improvements "from day one."  Further, Mr. Sherck testified that, in 1981, his friend drove a tractor to the two lots, by way of Fairlain Drive, in order to plow the properties.  Mr. Sherck also testified that, in 1982, the two lots were again accessed by way of Fairlain Drive in order to roto-till the land for a garden, bring in mulch, and plant some trees.  However, Mr. Sherck's deposition contains no other testimony regarding a need to access the lots by way of Fairlain Drive prior to when the road was vacated in 1982.

{¶9}   In viewing the evidence in a light most favorable to the Bremkes, we conclude that genuine issues of material fact exist as to whether continued access through the Bremkes' property was reasonably necessary to the Shercks at the time Fairlain Drive was vacated in 1982, and whether an alternative means of access would be expensive, inconvenient, and impracticable.  *See Lord*, 1985 WL 10675, at *2.

{¶10}  The record reflects that the Shercks accessed their lots by way of Fairlain Drive in 1981, and in 1982.  In 1981, the Shercks' friend drove his tractor over to the lots, and back, in order to plow the land.  In 1982, the Sherks roto-tilled the land, planted a garden, brought in mulch, and planted some trees.  However, there is no testimony regarding whether these events took place in one day, or over a series of several days/months.  As such, a question of fact arises regarding whether, at the time of vacation in 1982, it was reasonably necessary for the Shercks to use Fairlain Drive in order to continually access their lots. The record is unclear as to the frequency with which the Shercks actually utilized the Bremke property for ingress/egress to their two lots between 1981 and 1982.  Additionally, Mr. Sherck's affidavit, and supplemental affidavit, refers to use of the Bremkes' property *since* Fairlain Drive was vacated, instead of *at the time* it was vacated in 1982.  Finally, although the Shercks allege that alternative means of

access to their lots would be "expensive, inconvenient and impracticable," the record contains no evidence to support this contention, other than Mr. Sherck's speculation on the issue. When asked in his deposition whether he explored the cost or feasibility of other options for accessing his two lots, Mr. Sherck indicated that he had not explored other options because "[t]here's no need to." Further, the record contains evidence that the Shercks' neighbor, Mr. Geduldig, offered access to the lots through his property after learning about the lawsuit. However, the record does not indicate whether access through Mr. Geduldig's property was available at the time Fairlain Drive was vacated in 1982.

{¶11} Based upon the foregoing, we conclude that the trial court erred in granting the Shercks' motion for summary judgment.

{¶12} Additionally, the Bremkes assert that the trial court erred in denying their cross-motion for partial summary judgment. We note that, although it is styled as a cross-motion for partial summary judgment, the Bremkes' "motion" is actually just an extension of their memorandum in opposition to summary judgment because it alleges that genuine issues of material fact exist as to the alternative arguments that (1) the Shercks waived their right to an easement, and (2) the Shercks' claims are barred by the doctrine of laches. Because the Bremkes do not argue these issues on appeal, and because this Court has already concluded that the trial court erred in granting the Shercks' motion for summary judgment, we decline to further address this matter.

{¶13} Accordingly, the Bremkes' first and second assignments of error are sustained only as to the trial court's error in granting the Shercks' motion for summary judgment.

III.

{¶14} In sustaining, in part, the Bremkes' first and second assignments of error, the judgment of the Lorain County Court of Common Pleas is reversed, and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent. Mr. Sherck averred that in order to access their lots with any type of motor vehicle, "it has been necessary [] to use the easement on vacated Fairlane Drive[.]" Mr. Sherck further averred that he and his wife, along with other invitees, used the vacated portion of Fairlane Drive for vehicle access to their two lots "for the purpose of bringing in building materials and gardening materials, driving and storing vehicles, and providing access to trucks for various purposes[.]" Mr. Sherck specifically averred that they had engaged in this practice "*since* Fairlane Drive was vacated in 1982." (Emphasis added.) I read Mr. Sherck's affidavit as an unequivocal statement that he and his wife have continued to use the easement since the day of the vacation of Fairlane Drive in 1982. Thus, I would affirm the trial court's summary judgment order.

APPEARANCES:

JEFFREY H. WEIR, II and JOSHUA E. LAMB, Attorneys at Law, for Appellants.

HOWARD T. LANE and JAMES R. WHITE, Attorneys at Law, for Appellees.